JOSEPH AND SARAH SILIDKER, APPELLANTS, v. JOSEPH
AND BESSIE MECHANICK, RESPONDENTS.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellants, *Corn & Silverman.*

For the respondents, *Edward S. Bessman.*

The opinion of the court was delivered by

PARKER, J.  The suit arises out of a contract for the cross-
sale (sometimes miscalled an exchange, *Haber* v. *Goldberg,*
92 *N. J. L.* 367) of real estate properties, which was not
carried out, and each party laid the blame on the other.
Plaintiffs demanded damages for loss of their bargain, and
expenses of search, &c.  Defendants did the same by way of
counter-claim.  The trial judge, at the conclusion of the first
day, announced that he would grant a motion for a direction

of verdict for plaintiffs on both branches of the counter-claim, *i. e.,* loss of bargain, and expenses. He reserved a motion to direct for plaintiffs on the complaint. On the following morning he denied the latter motion, and further announced that he had reconsidered his ruling of the day before, touching the counter-claim, and would submit it to the jury. Later he directed a nonsuit on the branch of the counter-claim bearing on loss of defendants' bargain, but submitted to the jury the right of defendants to recover their expenses, and for these the jury awarded a verdict. The claims of the plaintiffs were submitted to the jury, who found no cause of action. The plaintiffs appeal. The second ground of appeal, which we shall consider first, relates to the judge's action in reversing his ruling on the counter-claim. The argument appears to be that the ruling once made could not be reconsidered, even if the trial was still in progress, and though the jury had never gone out on either branch of the case. No authority for this is cited, and we know of none. It seems to be settled that a voluntary nonsuit cannot be claimed after the judge has actually instructed the jury to render a verdict (*Dobkin* v. *Dittmers,* 76 *N. J. L.* 235), or after he has begun to instruct the jury so to do (*Wolf Co.* v. *Fulton Realty Co.,* 83 *Id.* 344), or after the court had announced that a motion to direct a verdict would be granted. *Allgeier* v. *Erie Railroad Co.,* 100 *Id.* 89. But all this is based on analogy to the statute forbidding a voluntary nonsuit "after the jury have gone from the bar to consider of their verdict." *Practice act* 1903, § 160; *Comp. Stat., p.* 4103. Although the right to voluntary nonsuit is cut off at that point, it is common practice, if the judge concludes that some instruction was erroneous and should be corrected, to recall the jury at any time before the verdict is delivered, and change the instruction. This, of course, is the right of the judge and not that of the party, and in analogy to that right, we have no hesitation in saying that under the circumstances of this case there was no error in changing the ruling by recalling the determination to direct. The case was still open, and the ruling alterable.

Time was made of the essence of the contract; and at a meeting between the parties, the plaintiffs claimed their title was adequate and defendants denied it. In particular they claimed that there was an outstanding one-half interest which plaintiffs thought they had acquired by deed, but the first deed was ineffectual because it described the wrong property. Plaintiffs had procured, or claimed that they had procured, a proper deed, and claimed that at the meeting it was exhibited to defendants' counsel, but this was denied, and the question of showing it became an issue of fact for the jury. The judge charged that if it was in the possession of plaintiffs and was produced, plaintiffs were entitled to recover, but if it was not so produced, defendants were justified in refusing to take title. We do not think the case should have been made to turn on the actual production of the deed, for if plaintiffs had it and said so, and defendants (as is inferable from some of the testimony) ignored it and put their refusal on a tax sale which the court properly decided was voided by lapse of time, the jury might well say that production was waived, and in that event plaintiffs would be entitled to recover. The charge that defendants' counsel was entitled to see the deed was correct, subject to the qualification that he had not waived that right. But the charge that unless it was shown, defendants were justified in refusing the title, is too sweeping for reasons just stated, and this leads to a reversal and makes it unnecessary to consider any other grounds of appeal not already treated.

The judgment will be reversed to the end that a *venire de novo* issue.